IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01195-PAB

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

JESSE GABRIEL,

    Defendant.

_____

**ORDER REMANDING CASE TO STATE COURT**
_____

    This matter is before the Court on defendant Jesse Gabriel's Notice of Removal [Docket No. 1]. Mr. Gabriel has removed a proceeding brought against him by plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") in Colorado state court pursuant to Colorado Rule of Civil Procedure 120, which provides that a party seeking to foreclose on and sell a property must seek a court order to do so.

    Pursuant to the procedures provided for by Rule 120, Wells Fargo filed a motion for an order authorizing sale in the District Court of Douglas County. *See* Colo. R. Civ. P. 120. Mr. Gabriel filed a pro se response and the state district court issued an order authorizing the Public Trustee to sell the property on April 25, 2011. Sale of the property has not yet occurred.

    By filing his Notice, Mr. Gabriel removed the Rule 120 proceeding to this Court. To the extent Mr. Gabriel seeks to have this Court upset the order authorizing sale in the context of this now-removed Rule 120 proceeding, Rule 120 does not provide a

mechanism to do so. *See* Colo. R. Civ. P. 120(d) ("Neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment."). The Rule 120 foreclosure proceeding in Colorado involves "issuance of orders by the state district court authorizing and confirming the sale" and the "largely administrative" process of conducting the sale. *See Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, *2 (D. Colo. May 7, 2007). At the time of removal, the Rule 120 proceeding had apparently entered the administrative aspect of the process. Mr. Gabriel cites no authority authorizing this Court, in the context of a removed Rule 120 proceeding, to prevent that administrative process from proceeding.[1] *Cf. Beeler*, 2007 WL 1346591, at *3 (finding that "regardless of whether the foreclosure process had or has been concluded, it is appropriate for the Colorado District Court rather than this Court to determine the issues presented in this matter," relying on the *Rooker-Feldman* and *Younger* doctrines in a removed action).

Instead of challenging the order authorizing sale through the removed Rule 120 proceeding, Mr. Gabriel is authorized to raise arguments concerning the validity of the foreclosure in a separate action. Rule 120 expressly provides that the court's order approving the sale is "without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction." Colo. R. Civ. P. 120(d); *see United Guar. Residential Ins. Co. v. Vanderlaan*, 819 P.2d 1103, 1105 (Colo. App. 1991) (plaintiff's failure to raise a defense to deficiency in a Rule 120 proceeding did not preclude later challenge; "[P]roceedings pursuant to C.R.C.P. 120 are not adversarial in

---

[1] The Court also notes that removal is limited to "those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (citation omitted).

nature, are not final, and generally no appeal may be taken to review the resulting orders. . . . Accordingly, since no final judgment was entered, neither the principles of res judicata nor collateral estoppel bars the defense." (citations omitted)).

For the foregoing reasons, it is

**ORDERED** that this case is **REMANDED** to the District Court, Douglas County, Colorado, where it was filed originally as Case No. 10CV3218/Div.3.

DATED May 6, 2011.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge